mariner's heart, make glad the traveler on the world's highways and rejoice the commercial world.

Money finds the vast manufactory dumb, and dull, and voiceless; and speaks to it the word of life, and sets flying its machinery, whose products find their way to the shops and homes and farms of our citizens.

Money is King in many places, but when he steps with haughty mien and imperious tread towards the tribunal where LAW holds in equipoise the scales of Justice, knocks for admission, and would fain seize the reins of power, this mighty king becomes as the dust we tread on in the street, and judge and jury trample him (here the speaker stamped his foot upon the floor) with scorn and contempt beneath their feet!

The verdict was for contestant on the ground of unsoundness of mind. Judge Reilly refused to grant a new trial. Proponent took the case to the Supreme Court, where, in a very able and elaborate opinion, the judgment of the Circuit was affirmed. (40 Mich. 150.)

(October, 1877.)

*E. F. Conely*, *F. A. Baker*, and *Ashley Pond* for Proponent.

*Chas. B. Howell*, *J. Logan Chipman*, and *Chas. I. Walker* for Contestant.

---

## *Wayne Circuit.*

### BENJAMIN STONE vs. EDWIN JEROME, JR.

#### *Malpractice.*

Plaintiff is a hydropathic physician, and attended defendant's wife during her last illness. Dr. Brown

an allopathic physician, and Dr. Walker, a homeopathic physician, had previously attended her without benefitting her.

Plaintiff sues for the value of his services. Defendant sets up in defence malpractice.

The Court, WALKER, J.: Held that in general a physician's undertaking, like that of a lawyer, is that he will exercise ordinary skill. (27 N. H. 471.) If one knowingly employs one who is not a regular physician, the latter is only required to exercise his best skill. (27 N. H. 460, 472; Elwell on Malpractice, 22, 29.) Plaintiff has proved that he practiced according to the hydropathic school. Witnesses for defendant belong to other schools, and testify that plaintiff's practice was bad. But is one school to pass judgment on another?

Judgment for plaintiff for $112.19.

(A. D., 1868.)